UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TRISTIAN O'KELLEY, ) | |
| ) | No. 1:19-cv-322, 1:17-cr-16 |
| Petitioner, ) | |
| ) | Judge Mattice |
| v. ) | Magistrate Judge Lee |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner Tristian O'Kelley's Motion to Vacate under 28 U.S.C. § 2255 [No. 1:19-cv-322, Doc. 1; No. 1:17-cr-16, Doc. 38]. Petitioner argues that in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), he is actually innocent of possessing a firearm as a felon and his indictment was defective. Because it plainly appears on the face of the record that Petitioner is not entitled to any relief, the Court finds there is no need for an evidentiary hearing[1] and the Motion to Vacate under 28 U.S.C. § 2255 [No. 1:19-cv-322, Doc. 1; No. 1:17-cr-16, Doc. 38] will be **DENIED**.

## I.  BACKGROUND FACTS AND PROCEDURAL HISTORY

On January 24, 2017, a grand jury charged Tristian O'Kelley with possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). Without the benefit of a written plea agreement, O'Kelley pleaded guilty to the charge. He submitted a Factual Basis for Plea, in which he stipulated that law enforcement executed a warrant on his residence and

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

found three firearms, of which he claimed possession. [Crim. Doc. 13]. He further stipulated: "Prior to September 30, 2016, the defendant was a convicted felon. The defendant has convictions for at least the following: (1) Possession of Cocaine for Resale; (2) Possession of Marijuana for Resale." [*Id.* at 3].

On October 17, 2017, the Court sentenced O'Kelley to 120 months' imprisonment, followed by three years of supervised release. [Crim. Doc. 24]. O'Kelley appealed. [Crim. Doc. 27]. On June 26, 2018, the United States Court of Appeals for the Sixth Circuit affirmed O'Kelley's conviction and sentence. [Crim. Doc. 34]. O'Kelley did not file a petition for a writ of certiorari, and the judgment therefore became final ninety days later, on September 24, 2018. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (judgment final after time for filing a certiorari petition expires).

On November 12, 2019, Petitioner filed a Motion to Vacate Under 28 U.S.C. § 2255. [Crim. Doc. 38; Doc. 1]. Petitioner argues that in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), he is actually innocent of knowingly possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). He further argues that his indictment was defective for failing to allege knowledge of his status as a felon. He contends *Rehaif* is retroactively applicable on collateral attack and therefore his motion to vacate is timely.

## II. STANDARD OF REVIEW

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, collateral attack limits a movant's allegations to those

2

of constitutional or jurisdictional magnitude, or those containing factual or legal errors "so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

Pursuant to Rule 4(b) of the Rules Governing § 2255 Cases, the Court must "promptly examine" a motion to vacate and dismiss the motion if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b); *see also Robinson v. United States*, 582 F. Supp. 2d 919, 925 (N.D. Ohio 2008) (Rule 4 requires the court to *sua sponte* dismiss a § 2255 petition without ordering a responsive pleading if petitioner is plainly not entitled to relief). "[S]ummary theories and generalized claims do not survive screening." *United States v. Andrade-Guerrero*, No. 2:15-cr-18, 2017 WL 1367183, *2 (E.D. Ky. March 17, 2017); *see United States v. Thomas*, 221 F.3d at 430, 437 (3rd Cir. 2000) (vague and conclusory allegations in § 2255 petition may be summarily disposed of).

### III. ANALYSIS

Petitioner moves to vacate his conviction under § 2255, arguing that the Supreme Court's decision in *Rehaif* changed the elements of a § 922(g)(1) offense, rendering his conviction invalid. He also argues that the indictment did not charge knowledge of his status as a felon and thus does not allege an offense under § 922(g)(1). According to Petitioner, this also renders his plea invalid as he was misinformed of the elements of the offense to which he pleaded guilty. He also challenges the Court's jurisdiction based on the defective indictment.

Section § 2255(f) gives a federal defendant one year to file a motion to vacate. That time period begins from the latest of:

(1) the date on which the judgment of conviction becomes final;

3

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner contends his motion is timely because *Rehaif* announced a newly-recognized right made retroactively applicable to cases on collateral review. He does not allege his motion is otherwise timely. In *Rehaif*, the Supreme Court held that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. *Rehaif v. United States*, 139 S. Ct. at 2200 (2019). Notably, *Rehaif* involved a defendant who went to trial and denied knowledge that he was an alien unlawfully in the United States, thus prohibited from possessing a firearm.

*Rehaif* does not render Petitioner's motion timely because it merely "clarified" the felon-in-possession statute; it did not announce a new rule of constitutional law that is retroactive on collateral review. *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020). In *Khamisi-El*, the petitioner sought to amend his § 2255 petition to add a challenge to his felon-in-possession conviction based on *Rehaif*. *Id.* at 348. In an

4

unpublished opinion, the Sixth Circuit denied the motion,[2] holding "[t]he rule stated in *Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law.'" *Id.*; *In re Palacios*, 931 F.3d 1314 (11th Cir. 2019) ("*Rehaif*... did not announce a 'new rule of constitutional law....'").

District courts within the Sixth Circuit have almost uniformly held that *Rehaif* is not applicable to cases on collateral review. *See Moore v. United States*, No. 2:19-cv-2572, 2019 WL 4394755 (W.D. Tenn. Sept. 12, 2019) ("*Rehaif* did not announce a new rule of constitutional law made retroactive to cases on collateral review."); *United States v. Goodjohn*, Case No. 3:18-cr-53, 2020 WL 5210947 (S.D. Ohio Sept. 1, 2020) (same); *Wallace v. United States*, No. 3:19-cv-01122, 2020 WL 2194002 (M.D. Tenn. May 6, 2020) (same); *see also Abernathy v. United States*, No. 1:16-CR-81, 2019 WL 5268546, at *5 (E.D. Tenn. Oct. 17, 2019) ("The Supreme Court's holding, however, is not retroactively applicable to cases on collateral review and, therefore has no bearing on the Court's consideration of Petitioner's motion."). Though the Sixth Circuit has not yet issued a published decision on this issue, the Court is persuaded by the reasoning of *Khamisi-El* and the consensus position of the district courts in this Circuit.

Even if it did apply retroactively, *Rehaif* would not entitle Petitioner to relief. First, Petitioner's challenge to the sufficiency of the indictment is clearly foreclosed by existing precedent. "[A] missing element in an indictment does not affect a federal court's subject-matter jurisdiction." *United States v. Watson*, 2020 WL 4037923 (6th Cir. July 17, 2020) (rejecting *Rehaif* challenge to § 922(g) indictment on direct appeal); *United States v.*

---

[2] Petitioner sought leave to amend his § 2255 petition for the first time on appeal, and accordingly, the Sixth Circuit treated the amendment as a second or successive motion for post-conviction relief, which failed to meet the standards of 28 U.S.C. § 2255(h).

*Hobbs*, 953 F.3d 853, 856-58 (6th Cir. 2020) (rejecting claim that indictment failed to charge a federal offense after *Rehaif*). As in *Watson* and *Hobbs*, "the indictment's failure to allege the *Rehaif*-required element (that he knew of his status as a felon)" does not "deprive[] the district court of jurisdiction to convict [Petitioner] of a felon-in-possession offense." *Watson*, 2020 WL 4037923 at *2.

Petitioner also contends he is actually innocent of violating § 922(g)(1) in light of *Rehaif*. Again, *Rehaif* merely "clarified" the felon-in-possession statute. *Khamisi-El* 800 F. App'x at 349. It is also distinguishable from the instant case because Rehaif went to trial, while Petitioner entered a guilty plea. His plea relieved the Government of its obligation to prove the elements of the charge against him beyond a reasonable doubt. *See Malone v. United States*, 1:14-cr-438, 2019 WL 7049805, *3 (N.D. Ohio Dec. 23, 2019) ("*Rehaif* is inapplicable to Petitioner because whereas Rehaif was convicted by a jury, Petitioner pleaded guilty to his offense."). And "[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Boce*, 488 U.S. 563, 569 (1989). Notably, Petitioner never contends that he was actually ignorant of his status as a felon. Indeed, he stipulated to his prior felony convictions in the factual basis submitted in support of his plea. [Crim. Doc. 13]; *see United States v. Conley*, 802 F. App'x. 919, 923, (6th Cir. Feb. 5, 2020) ("Although the stipulation of a prior felony does not automatically establish knowledge of felony status, it is strongly suggestive of it."); *Wallace v. United States*, No. 3:19-cv-01122, 2020 WL 2194002, * 4 (M.D. Tenn. May 6, 2020) (same).

Finally, Petitioner contends he was not properly informed of the elements of his offense, invalidating his guilty plea. But he does not allege that he would not have pleaded

6

guilty if he had known the Government would have to prove knowledge of his status in order to obtain a conviction. At his change of plea hearing, the Court specifically advised Petitioner that he was giving up the right to require the government to prove his guilt beyond a reasonable doubt and Petitioner stated he understood. [Crim. Doc. 30 at 5]; *see Watson*, 2020 WL 4037923 at \*3 (defendant failed to show reasonable probability outcome of proceedings would have been different because he did not argue he would have gone to trial if the government had to prove knowledge of his felon status). Because Petitioner is not entitled to relief on any of his legal theories, his motion to vacate must be denied.

## IV. CERTIFICATE OF APPEALABILITY

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner must obtain a COA before appealing the denial of a § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## V. CONCLUSION

For the reasons set forth herein, Petitioner has failed to establish any basis upon which § 2255 relief could be granted, and it is therefore **ORDERED** that the Motion to Vacate under 28 U.S.C. § 2255 [No. 1:19-cv-322, Doc. 1; No. 1:17-cr-16 Doc. 38] will be **DENIED**.

A certificate of appealability from the denial of Petitioner's § 2255 motion will be **DENIED**. A separate judgment will enter.

**SO ORDERED** this 23rd day of September, 2020.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE